# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5185-17T4

C.N.,

    Plaintiff-Respondent,

v.

E.C.G.,

    Defendant-Appellant.

_____

        Submitted May 20, 2019 – Decided June 14, 2019

        Before Judges Haas and Susswein.

        On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Atlantic County, Docket No. FV-01-1229-18.

        E.C.G., appellant pro se.

        Respondent has not filed a brief.

PER CURIAM

Defendant E.C.G. appeals from a final restraining order (FRO) entered on July 2, 2018, in favor of plaintiff C.N. pursuant to the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35. Defendant requested an adjournment of the July FRO hearing so that he could obtain the services of an attorney. Because the trial judge mistakenly exercised discretion in denying defendant's request, we reverse and remand for a new hearing on plaintiff's domestic violence complaint.[1]

I.

We derive the following facts from the record. Plaintiff and defendant were in a dating relationship for approximately three years. On June 6, 2018, plaintiff filed a civil complaint and temporary restraining order (TRO) against defendant alleging that he made a terroristic threat against her during an argument when he yelled at her: "I'll fucking kill you and I'll fucking kill the police." The TRO complaint advised that an FRO hearing would be held on June 13, 2018. On June 8, 2018, defendant filed a TRO cross-complaint against plaintiff alleging harassment. The FRO hearing on defendant's complaint was also scheduled to be heard on June 13, 2018.

---

[1] Defendant does not ask us in this appeal to reverse the denial of his TRO complaint against plaintiff C.N. Accordingly, that trial court decision is unaffected by our decision to reverse the FRO entered against defendant.

The FRO hearing was postponed until July 2, 2018. The record does not indicate why the matter was adjourned. Defendant came to the courthouse on June 13, 2018, and was told by court staff that the matter had been postponed and that he should come back on July 2, 2018. Defendant never appeared before a judge on June 13.

On July 2, 2018, both parties appeared without counsel. As far as the record before us indicates, that was the first time either party appeared before a Superior Court judge with respect to their domestic violence complaints. The judge asked plaintiff if she wanted to be represented by an attorney and she indicated that she did not. At this point, defendant advised the judge that a defense witness was on his way to the courthouse. Defendant also advised the judge that the attorney who was representing him in the related criminal matter was not representing him on the civil matter. Defendant asked the judge for a postponement so that he could obtain an attorney to represent him at the FRO hearing. The judge denied that request. The record indicates that the following colloquy occurred:

> THE COURT: Okay. And sir, now you're telling me that you are – you do want an attorney or you have attorney?

A-5185-17T4

DEFENDANT: Well, I do have an attorney for my [criminal] charges. I'm due on the 16th at Superior Court in Mays Landing.

THE COURT: Okay, but for this particular [civil] matter I'm speaking of.

DEFENDANT: I don't have one for this particular matter.

THE COURT: So but you have a witness coming so you intend to proceed today.

DEFENDANT: Well, he said, "I'll meet you there," yes. I really would like to get a postponement to come back with an attorn[ey.]

THE COURT: For what reason? Oh, to come back with an attorney.

DEFENDANT: Yes.

THE COURT: But now this case has already been postponed –

DEFENDANT: Correct.

THE COURT: – for that reason – I mean postponed. It was – and I – was initially scheduled for June 11th.[2] That was weeks ago. So if the case –

DEFENDANT: I didn't postpone it, Your Honor.

THE COURT: –was rescheduled? I'm sorry?

---

[2] The TRO complaints indicate that the case was originally scheduled to be heard in Superior Court on June 13, 2018, not on June 11, 2018.

DEFENDANT: I was here on – I was here on the 13th and when I got here they told me it was postponed until today.

THE COURT: Okay, so you had from June 13th until today to get an attorney, that's 18 days.

The trial court thereupon denied defendant's request and the matter proceeded to the FRO hearing on the domestic violence cross-complaints. At the conclusion of the hearing, the trial court granted plaintiff's request for an FRO and denied defendant's request.

## II.

On appeal, defendant, who is now represented by counsel, raises the following contentions:

> I. THE COURT ERRED IN FAILING TO DILIGENTLY ENSURE DEFENDANT'S DUE PROCESS RIGHT TO BE INFORMED OF HIS RIGHT TO RETAIN LEGAL COUNSEL AND [SIC] BY FAILING TO OBTAIN A WAIVER OF THE RIGHT.
>
> II. THE COURT ERRED IN FAILING TO ENSURE DEFENDANT'S DUE PROCESS RIGHTS WERE PROTECTED BY FAILING TO INFORM THE DEFENDANT OF THE SIGNIFICANT CONSEQUENCES THAT COULD OCCUR IF A FINAL RESTRAINING ORDER WAS ENTERED AGAINST HIM.

5

We begin by addressing the legal principles governing this appeal. Given the serious consequences to the personal and professional lives of persons against whom an FRO is issued, the right to seek counsel in civil domestic violence matters is an important right protected by due process. As we explained in D.N. v. K.M., 429 N.J. Super. 592 (App. Div. 2013), although due process does not require the appointment of counsel for indigent defendants, it "does allow litigants a meaningful opportunity to defend against a complaint in domestic violence matters, which would include the opportunity to seek legal representation, if requested." Id. at 606.

At the same time, the Supreme Court has recognized that the right to an adjournment in domestic violence cases is not absolute. See J.D. v. M.D.F., 207 N.J. 458, 480 (2011). Rather, trial courts "have broad discretion to reject a request for an adjournment that is ill founded or designed only to create delay, but they should liberally grant one…" when necessary in order to safeguard a party's due process rights. Ibid. The Domestic Violence Procedure Manual issued under the authority of the Supreme Court provides helpful guidance on how that broad discretion should be exercised. The Manual explains that, "[t]he court may grant an adjournment or continuance if either party requests an

adjournment for the purpose of obtaining or consulting with an attorney, securing witnesses, or other good cause, unless the delay would create an extreme hardship on the other party, or there has been an inordinate delay in seeking counsel." State of New Jersey Domestic Violence Procedures Manual § 4.10.4 (October 9, 2008).[3]

With respect to what might constitute inordinate delay, we note that the Domestic Violence Act requires a final hearing to be held within 10 days of the filing of a complaint. N.J.S.A. 2C:25-29(a). In H.E.C. v. J.C.S., 175 N.J. 309 (2003), the Supreme Court nonetheless stressed that the ten-day provision does not preclude a continuance where fundamental fairness dictates allowing additional time. Id. at 323. "Indeed," the Court added, "to the extent that compliance with the ten-day provision precludes meaningful notice and an opportunity to defend, the provision must yield to due process requirements." Ibid.

IV.

Applying these legal principles and standards to the case before us, we are constrained to conclude that the trial judge erred in denying defendant's request

---

[3] The Domestic Violence Procedures Manual can be found on the Judiciary's Internet Web site at https://njcourts.gov/courts/family/dv.html.

for an adjournment so that he could retain counsel. This is not a case where the issue is whether a defendant knowingly relinquished the right to seek counsel. See, e.g., D.N. v. K.M., 429 N.J. Super. at 607. We can understand how the trial court might have been misled initially when defendant explained to the court that his witness was on his way to the courthouse, thereby suggesting that defendant was prepared to proceed with the plenary FRO hearing. However, the record shows that defendant immediately thereafter made a clear and unambiguous request[4] for an adjournment to provide him an opportunity to obtain legal representation in the civil domestic violence matter.

We also appreciate that the trial court was rightly concerned that this matter had languished for nearly three weeks, well past the ten-day goal for resolving domestic violence complaints. However, as defendant made clear, he was not responsible for the delay. In fact, defendant did not know that the hearing originally scheduled for June 13 had been postponed until he came to

---

[4] We do not interpret defendant's statement, "I really would like to get a postponement to come back with an attorn[ey]" as a mere preference to be represented by counsel as opposed to a formal request for an adjournment to obtain counsel. Any doubts in that regard are resolved by the court's follow up question, "For what reason? Oh, to come back with an attorney," to which the defendant replied with an unequivocal "Yes."

the courthouse and was advised by court staff that the matter would not be heard by a judge that day.

It is especially significant that defendant's request for an adjournment to obtain legal counsel was made at his first appearance before a Superior Court judge. The record does not indicate that defendant previously was advised of his right to be represented by an attorney much less told to have one ready to go to trial at the initial appearance. This was not a situation, as sometimes occurs, where a domestic violence litigant is granted an adjournment to obtain counsel and then appears at the rescheduled hearing without an attorney. Nothing in the record reasonably suggests that defendant's request for a postponement was designed only to create delay. See J.D. v. M.D.F., 201 N.J. Super. at 480. Nor does the record suggest that an adjournment would have posed a great hardship to plaintiff. Ibid. Had defendant's adjournment request been granted, the protections afforded to her by the TRO would have remained in effect.

In these circumstances, we are constrained to conclude that the trial judge mistakenly exercised his discretion in denying defendant's request for an adjournment. Because of our decision to reverse the FRO on this ground, we need not address at length defendant's other contention that the trial court failed to inform defendant of the serious consequences that would occur if a FRO were

9

entered against him. One of the principal reasons for advising a defendant of the litany of serious consequences of an FRO is to inform his or her decision whether to seek legal representation. As far as we can determine, the record does not reflect that defendant was ever formally advised of those consequences. We nonetheless assume that defendant now appreciates the seriousness of the entry of an FRO, and we expect that any questions concerning those consequences will be resolved when the matter is remanded and defendant is afforded the opportunity to be represented by counsel at a new FRO hearing.

For the foregoing reasons, we vacate the July 2, 2018 FRO, reinstate the TRO, and remand for a new FRO hearing consistent with this opinion.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION